UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HPIL HOLDING, INC.,

           Plaintiff,

v.

HAINING ZHANG, ANGELA COLLETTE,
DAVID POSTULA, SETPHEN BROWN,
TANYA LARIZZA, CRANK MEDIA, INC.,
CRITERIA MANAGEMENT, LTD, and
BROWN FAMILY INVESTMENTS, LTD.
_____/

Case No. 1:23-cv-12050
Case No. 1:24-cv-10479

Honorable Thomas L. Ludington
United States District Judge

## ORDER (1) CONSOLIDATING CASES, (2) SETTING OPTIONAL BRIEFING SCHEDULE, (3) GRANTING DEFENDANT BROWN'S EMERGENCY MOTION TO ADJOURN ANSWER DEADLINE, AND (4) DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT LARIZZA SHOULD NOT BE DISMISSED

Before this Court are *HPIL Holding, Inc. v. Zhang* (*HPIL I*), 23-cv-12050 and *HPIL Holding, Inc. v. Brown* (*HPIL II*), 24-cv-10479—two cases initiated by the same Plaintiff involving the same core of alleged facts. Indeed, the cases were initially pursued together but separated when Plaintiff failed to timely serve some Defendants. Now that nearly all Defendants have been served and Plaintiff's Counsel agrees consolidation is proper, the two cases will be consolidated. Because the Defendants in *HPIL II* have not had an opportunity to brief a pending potentially dispositive motion in *HPIL I*, this Court will set an optional briefing schedule. Because Defendant Brown has shown good cause, this Court will grant his Motion to Adjourn his deadline to answer Plaintiff's Complaint on the newly consolidated docket. Finally, because Plaintiff has not yet served Defendant Larizza, this Court will direct Plaintiff to show cause why she should not be dismissed for failure to prosecute.

### I. Background

#### A. *HPIL I*

In August 2023, Christopher Philbrick purportedly authorized Plaintiff HPIL Holding, Inc. to file a complaint against the following ten Defendants:

    (1) Haining Zhang,
    (2) Stephen Brown,
    (3) Angela Collette,
    (4) Mark Osborne,
    (5) Andrew Badger,
    (6) Darcy Christopherson,
    (7) David Postula,
    (8) Brown Family Investments, Ltd. (BFI);
    (9) Crank Media, Inc. (Crank), and
    (10) Criteria Management, Ltd. (Criteria).

*HPIL Holding, Inc. v. Zhang, et. al* (*HPIL I*), 23-cv-12050, ECF No. 4; *see also HPIL Holding, Inc. v. Zhang*, No. 1:23-CV-12050, 2024 WL 2306358, at *1 (E.D. Mich. May 21, 2024). Plaintiff's Complaint generally alleges that Defendants Zhang and Collette orchestrated a scheme to "hijack" HPIL Holding, Inc. (HPIL) by fraudulently initiating and influencing receivership proceedings in Michigan's 42nd Circuit Court for the County of Midland.[1] *See HPIL Holding, Inc.*, No. 1:23-CV-12050, 2024 WL 2306358, at *2–5. (E.D. Mich. May 21, 2024). Once Defendant Collette was appointed HPIL's receiver, she appointed Defendant Brown as HPIL's President and CEO. *Id.* Once appointed CEO, Plaintiff alleges Defendant Brown—alongside his other companies

---

[1] As this Court has explained:

> Much remains unknown about HPIL's business. Plaintiff describes itself, broadly, as a worldwide diversified holding company focused on investing in both private and public companies in differing business sectors and evaluating the acquisition of intellectual properties and technologies. HPIL's public website is largely barren and does not provide any additional details. Plaintiff's Counsel noted that, at some point in time, HPIL owned a computer software company and a drilling parts company.

*HPIL Holding, Inc. v. Zhang*, No. 1:23-CV-12050, 2024 WL 2306358, at *2 (E.D. Mich. May 21, 2024) (internal citations and quotations omitted).

(BFI, Criteria, and Crank) and his business associates (Osborne, Badger, Christopherson, and Postula)—orchestrated an illegal "pump and dump" scheme to artificially inflate the price of HPIL shares through a series of "toxic investments" and fraudulent misrepresentations. *Id.* at *5–7 ("Plaintiff's Complaint is heavy on the 'pump' but light on the 'dump.' Despite alleging these specific fraudulent statements artificially inflated the value of HPIL stock and induced investments, it is unclear . . . *how* Brown or the other Defendants profited from this alleged fraudulent scheme or otherwise 'dumped' their inflated shares." (emphasis in original)).

On August 15, 2023, summons were issued for all ten Defendants that expired on November 14, 2023. *HPIL I*, ECF No. 2. On this expiration date, Plaintiff filed an ex parte motion to "extend" the Summons by 45 days to effectuate service on Defendants Brown, Postula, Criteria, and BFI, and to perfect service on Defendants Crank, Zhang, and Collette. *HPIL I*, ECF No. 9. On November 16, 2023, this Court explained that Michigan law does not allow summons *extensions* and only contemplates issuing a second summons. *HPIL I*, ECF No. 11 at PageID.1435 (citing Mich. Ct. R. 2.102(D)). Finding Plaintiff made diligent attempts to serve the original summons, this Court ordered the Clerk's Office to issue a second summons for Defendants (1) Brown, (2) Postula, (3) Criteria, (4) BFI, (5) Crank, (6) Zhang, and (7) Collette to expire 45 days after issuance. *HPIL I*, ECF No. 11 at PageID.1435–36.

The Second Summons was issued for these seven Defendants the next day, with a service deadline of January 2, 2024. *HPIL I*,  ECF No. 12. But, on January 2, 2024, Plaintiff filed a second motion to extend summons and for alternate service. *HPIL I*, ECF No. 22. This Court denied Plaintiff's Motion because Michigan law does not allow for the issuance of a *third* summons, nor the extension of a *second* summons. *HPIL I*, ECF No. 24. Accordingly, on January 29, 2024, this Court dismissed without prejudice all Defendants who had not been served: (1) Brown; (2) BFI;

(3) Crank; (4) Criteria; and (5) Postula (collectively, the "Canadian Defendants"). *Id.* at PageID.1601. And, in May 2024, this Court granted Osborne, Christopherson, and Badger's Joint Motion to Dismiss, *HPIL I*, ECF Nos. 5; 21, such that the only remaining Defendants in *HPIL I* are Zhang and Collette.

## B. *HPIL II*

Less than one month after this Court dismissed the Canadian Defendants for lack of service in *HPIL I*, Plaintiff initiated a companion case against them and Tanya Larizza—another Canadian resident who allegedly served as Defendant Brown's personal assistant and participated in his alleged pump and dump scheme. *HPIL Holding, Inc. v. Brown, et. al* (*HPIL II*), 24-cv-10479, ECF No. 1. Plaintiff's second Complaint alleged the same operative facts and asserted the same claims against the Canadian Defendants as its first complaint in *HPIL I. Compare HPIL I*, ECF No. 4 (alleging "conversion / embezzlement;" breach of fiduciary duty; civil conspiracy; RICO violations; claim and delivery) *with HPIL II*, ECF No. 1 (same).

## II. Consolidation

"Consolidation is governed by Federal Rule of Civil Procedure 42(a)," *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010 (6th Cir. 1993). Rule 42(a) authorizes courts to consolidate civil actions when they "involve a common question of law or fact." FED. R. CIV. P. 42(a)(2). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court . . . ." *Cantrell*, 999 F.2d at 1011.

Both *HPIL I* and *II* involve common questions of law and fact. True, Plaintiff alleges two distinct, separate fraudulent conspiracies. On the front end, Plaintiff alleges Zhang and Collette conspired to fraudulently initiate and influence receivership proceedings in state court. *See generally HPIL I*, ECF No. 4. On the back end, once Defendant Collette was appointed receiver

and, in turn, appointed Defendant Brown as HPIL's CEO, Plaintiff alleges Brown, Criteria, Crank, BFI, Postula, and Larizza orchestrated and executed an illegal "pump and dump" scheme at the expense of HPIL shareholders. *See generally id.* But, as Plaintiff expressly alleges, these allegations are "related" because the latter alleged "pump and dump" scheme would not have occurred absent the former alleged fraudulent Midland receivership proceedings. *See id.* at PageID.727. Indeed, all allegations in *HPIL II* were initially advanced in *HPIL I. Compare HPIL I*, ECF No. 4 *with HPIL II*, ECF No. 1. The cases were broken apart solely because Plaintiff struggled to serve the Canadian Defendants in *HPIL I*, and Plaintiff's Counsel indicated that he would seek to consolidate the cases once he effectuated service on the Canadian Defendants in *HPIL II. HPIL I*, ECF No. 27 at PageID.1624. Except for newly added Defendant Larizza, all Canadian Defendants have been served with copies of the Summons and Plaintiff's Complaint in *HPIL II. HPIL II*, ECF Nos. 6; 13; 14; 15; 16. Accordingly, the above-captioned cases will be consolidated, and the Parties will be directed to file all pleadings under case number 1:23-cv-12050.

## IV. Pending Motions

Two motions are pending on the consolidated docket. In August 2024, Defendants Zhang and Collette filed a joint Motion for Judgement on the Pleadings, arguing (1) only the Midland Circuit Court has jurisdiction over the case and, in the alternative, (2) the case should be dismissed because it is an improper direct action which was not authorized by HPIL leadership—namely Defendant Brown, and (3) Defendant Collette is immune from all claims given her appointed receivership. *HPIL I*, ECF No. 44. The Motion has been fully briefed by the Parties in *HPIL I, id.*, ECF Nos. 47; 48, but not by the Defendants in *HPIL II.* In fairness, and because this Motion may

be dispositive, this Court will set an optional briefing schedule allowing the *HPIL II* Defendants to address this Motion and provide Plaintiff the opportunity to respond.

Second, Defendant Brown has filed an "emergency" motion to adjourn his answer deadline. *HPIL II*, ECF No. 26. Notably, this is the *third* motion or request Defendant Brown has filed to extend his deadline to answer or otherwise respond to Plaintiff's Complaint. ECF Nos. 17; 23; 26. After Plaintiff filed a certificate of service on July 23, 2024, ECF No. 13, Defendant Brown's answer or responsive pleading was due on August 5, 2024. But Defendant Brown filed a "request" for an extension on August 2, 2024, because he had only recently received service. ECF No. 17 at PageID.609. Finding good cause, this Court granted Defendant Brown's request and adjourned his deadline to September 16, 2024. On September 10, 2024, Defendant Brown filed a motion seeking further adjournment, citing a death in his extended family and complications in retaining an attorney. ECF No. 23 at PageID.647. This Court granted that motion and adjourned Defendant Brown's answer deadline to September 30, 2024. On September 30, 2024, Defendant filed an "emergency" motion to adjourn his answer deadline for a third time, noting he retained counsel that same day, but his newly retained counsel "has a full schedule this week" and needs an additional 14 days to answer or respond. ECF No. 26 at PageID.673–74; *see also* ECF No. 25 (noting appearance of Attorney Dean Elliott on Defendant Brown's behalf). Finding good cause, Defendant Brown's Emergency Motion will be granted, and his deadline to answer or respond to Plaintiff's Complaint will be adjourned to October 14, 2024. However, absent truly extraordinary circumstances, this Court will not adjourn Defendant Brown's answer deadline any further.

### III. Service on Defendant Larizza

One last point must be addressed. As discussed, all Defendants have been served except for Defendant Tanya Larizza. But Plaintiff's service deadline was July 22, 2024. *HPIL II*, ECF

No. 10 at PageID.563 (vacating show cause order). Indeed, in June 2024, when this Court vacated a prior service show-cause order, this Court expressly noted, "[i]f Plaintiff has not effectuated service by this deadline, this Court will enter another order directing Plaintiff to show cause, again, why this case should not be dismissed for failure to prosecute. And if Plaintiff's response does not sufficiently show or explain its efforts to serve the . . . Defendants, and why those efforts have been futile, this Court may find that Plaintiff has not exercised due diligence, and may accordingly dismiss without prejudice any unserved Defendant in the above captioned case." *HPIL II*, ECF No. 10 at PageID.562–63. To date, Plaintiff has not provided *any* information about its efforts to serve Defendant Larizza. *See id.* at PageID.560 ("Notably, Plaintiff[] . . . does not discuss any effort to serve Defendant . . . Larizza). Accordingly, Plaintiff will be directed to show cause why Defendant Larizza should not be dismissed for failure to prosecute.

### V. Conclusion

Accordingly, it is **ORDERED** that *HPIL Holding, Inc. v. Zhang, et al.*, Case No. 1:23-cv-12050 and *HPIL Holding Inc. v. Brown, et al.*, Case No. 1:24-cv-10479 are **CONSOLIDATED** into one proceeding under Federal Rule of Civil Procedure 42(a).

Further, it is **ORDERED** that the Parties are **DIRECTED** to file all pleadings under case number 1:23-cv-12050. Case No. 1:24-cv-10479 is closed.

Further, it is **ORDERED** that Defendants Brown; Postula; Crank Media, Inc.; Criteria Management, Ltd; and Brown Family Investments, Ltd **MAY FILE OPTIONAL SUPPLEMENTAL BRIEFING** responsive to Defendants Zhang and Collette's joint Motion for Judgment on the Pleadings, *HPIL I*, ECF No. 44, **on or before October 18, 2024**. Supplemental briefs shall not exceed fifteen pages. To the extent any Defendant files a supplemental brief,

Plaintiff may file a supplemental response, not to exceed fifteen pages, **on or before November 1, 2024.**

Further, it is **ORDERED** that Defendant Brown's Emergency Motion to Adjourn, *HPIL II*, ECF No. 26, is **GRANTED.** Defendant Brown's answer deadline is **ADJOURNED** to **October 14, 2024.**

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to show cause why Defendant Larizza should not be dismissed for failure to prosecute **on or before October 18, 2024.**

Dated: October 8, 2024                         s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge